**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111751

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Allison Donnelly,<br><br>Plaintiff,<br><br>vs.<br><br>Genpact Services LLC and Central Credit Services LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Allison Donnelly (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Genpact Services LLC and Central Credit Services LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Allison Donnelly is an individual who is a citizen of the State of New York in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Genpact Services LLC ("Genpact"), is a New York Limited Liability Company with a principal place of business in New York County, New York.

8. On information and belief, Defendant Central Credit Services LLC ("CCS"), is a Missouri Limited Liability Company with a principal place of business in Saint Charles County, Missouri.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes certain debts ("the debts").

12. The debt Genpact seeks to collect was incurred on a credit card issued by Synchrony Bank through Amazon.com.

13. The debt CCS seeks to collect was incurred on a credit card issued by Synchrony Bank through Walmart.

14. The credit cards were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

16. The credit cards accrued interest.

17. The credit cards accrued late fees.

18. Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

19. In its efforts to collect the debt, Genpact contacted Plaintiff by letter dated June 29, 2016. ("**Exhibit 1.**")

20. In its efforts to collect the debt, CCS contacted Plaintiff by letter dated April 22,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

2016. ("**Exhibit 1.**")

21. The letters were the initial communications Plaintiff received from Defendants.

22. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO GENPACT

23. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

25. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

26. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

27. The letter sets forth a "Balance Due."

28. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

29. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration*, No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr. 11, 2012).

30. The letter states, "The total account balance as of the date of this letter is shown above.  Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor."

31. The letter fails to advise Plaintiff that if Plaintiff pays the balance "as of the date of the letters," an adjustment may be necessary after Genpact receives payment.

32. The letter fails to advise Plaintiff that Genpact will inform Plaintiff of the balance difference before depositing payment.

33. The letter fails to advise Plaintiff what portion of the balance "as of the date of

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

this letter" is principal.

34. The letter fails to advise Plaintiff what portion of the balance "as of the date of this letter" is interest.

35. The letter fails to advise Plaintiff what portion of the balance "as of the date of this letter" is late fees.

36. The letter fails to advise Plaintiff of the interest rate.

37. The letter fails to advise Plaintiff of the amount of potential late fees.

38. The letter fails to advise Plaintiff the amount of money the balance "as of the date of this letter" will increase per day.

39. The letter fails to advise Plaintiff the amount of money the balance "as of the date of this letter" will increase per week.

40. The letter fails to advise Plaintiff the amount of money the balance "as of the date of this letter" will increase per month.

41. The letter fails to advise Plaintiff the amount of money the balance "as of the date of this letter" will increase in any measurable period.

42. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

43. Because Genpact stated the balance "as of the date of this letter" "may" increase, the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after receipt of the letter.

44. Because Genpact stated the balance "as of the date of this letter" "may" increase, the least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

45. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

46. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

47. For these reasons, Genpact failed to clearly state the amount of the debt.

48. For these reasons, Genpact failed to unambiguously state the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

49. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

50. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

51. Genpact violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

52. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

54. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

55. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

56. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

57. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the balance "as of the date of the letter" was static.

58. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the balance "as of the date of the letter" was dynamic due to the continued accumulation of interest.

59. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the balance "as of the date of the letter" was dynamic due to the continued accumulation of late fees.

60. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

61. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

62. Genpact violated 15 U.S.C. § 1692e by using a false, deceptive and misleading

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

representation in its attempt to collect a debt.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO CCS

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

65. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

66. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

67. The letter sets forth a "Balance Due."

68. The letter fails to disclose whether the "Balance Due" may increase due to additional interest.

69. The letter fails to disclose whether the "Balance Due" may increase due to additional late fees.

70. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

71. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

72. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

73. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Balance Due" at any time after receipt of the letter.

74. The least sophisticated consumer could also reasonably believe that the "Balance Due" was accurate only on the date of the letter because of the continued accumulation of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

interest and/or late fees.

75. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

76. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

77. For these reasons, CCS failed to clearly state the amount of the debt.

78. For these reasons, CCS failed to unambiguously state the amount of the debt.

79. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

80. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

81. CCS violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO CCS

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

85. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

86. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

87. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

88. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

89. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Balance Due" was static.

90. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Balance Due" was dynamic due to the continued accumulation of interest and/or late fees.

91. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

92. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

93. CCS violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

94. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Genpact in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against CCS in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: October 17, 2016

                                              **BARSHAY SANDERS, PLLC**

                                              By:   *s/ Craig B. Sanders*
                                              Craig B. Sanders, Esq.
                                              100 Garden City Plaza, Suite 500
                                              Garden City, New York 11530
                                              Tel: (516) 203-7600
                                              Fax: (516) 706-5055
                                              csanders@barshaysanders.com
                                              *Attorneys for Plaintiff*
                                              Our File No.: 111751

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530